United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff<br><br>v.<br><br>OTC Capital Partners, LLC; Adi M. Elfenbein; and Joseph L. Pittera, Defendants. | Civil Action No. 16-20270-Civ-Scola |

## Order Granting the SEC's Motion for Default Judgment and Permanent Injunctive Relief Against Defendant Joseph L. Pittera

The SEC has moved for a default judgment against Defendant Joseph L. Pittera consistent with Federal Rule of Civil Procedure 55(b)(2). (ECF No. 18). Previously, the Clerk of the Court entered a default under Rule 55(a). (ECF No. 12). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The Complaint alleges that the Pittera violated Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e. (ECF No. 1). Having considered the Motion, the record, and the relevant legal authorities, the Court enters to following order **granting** the motion (ECF No. 18) and entering Final Judgment and a Permanent Injunction against Pittera:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  This Court has personal jurisdiction over Defendant Pittera and the subject matter of this action. Venue is proper in the Southern District of Florida.

2.  Defendant Pittera was properly served on March 10, 2016 with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure [DE 10]. Thus, he has proper notice of this action.

3.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant Pittera's answer or other responsive filing to the Commission's Complaint was due on or before March 31, 2016.

4. Defendant Pittera failed to respond to the Complaint on or before March 31, 2016, and on April 11, 2016, the Clerk entered a default against him [DE 13].

5. On April 19, 2016, the Court issued an Order on Default Judgment Procedure stating that if Defendant Pittera failed to move to set aside the Clerk's Default, or failed to otherwise respond to this lawsuit, on or before April 29, 2016, Default Final Judgment may be entered. [DE 16].

6. As of the date of this Order, Defendant Pittera has failed to move to set the Clerk's Default and has failed to otherwise respond to this lawsuit.

7. By virtue of the Clerk's default and failure to respond to the Complaint, Defendant Pittera is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against him. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Defendant Pittera committed the violations alleged in the Complaint.

8. Defendant Pittera is not an infant or incompetent person, and has no guardian, committee, conservator or other such person appearing on his behalf. Defendant Pittera is not in military service.

Accordingly, it is:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Entry of Default Final Judgment of Permanent Injunction and Other Relief Against Defendant Joseph L. Pittera is **GRANTED**. Default Final Judgment is entered against Pittera as follows:

I.

**SECTIONS 5(a) and 5(c) OF THE SECURITIES ACT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Pittera is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

  (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

. . .

  (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### II.

### DISGORGEMENT AND CIVIL PENALTIES

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $5,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $823.29, for a total of $5,823.29, and a second-tier civil penalty in the amount of $ 50,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying
$5,823.29 of disgorgement and prejudgment interest and $ 50,000 of civil penalties to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Pittera is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for

purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934, 17 C.F.R. 240.3a51-1.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction over this matter and over Defendant Pittera in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**Done and ordered** at Miami, Florida, on May 31, 2016.

                                                                            _____
                                                                            Robert N. Scola, Jr.
                                                                            United States District Judge

Copies to:
Joseph L. Pittera, *pro se*                            **(via First-Class Mail)**
1308 Sartori Ave #109
Torrance, CA 90501

Joseph L. Pittera c/o Al West, Esq. West & Associates
700 N. Pacific Coast Hwy #201

Redondo Beach, CA 90277